# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**LARRY MCCLUNG,**
**Claimant Below, Petitioner**

**FILED**

November 1, 2019
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 18-1017** (BOR Appeal No. 2052970)
                         (Claim No. 2017021772)

**CONSTELLIUM ROLLED PRODUCTS,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Larry McClung, by Counsel Edwin H. Pancake, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Constellium Rolled Products, by Counsel Alyssa A. Sloan, filed a timely response.

The issue on appeal is the closing of the claim for temporary total disability benefits. The claims administrator closed the claim for temporary total disability benefits on June 28, 2017. The Workers' Compensation Office of Judges ("Office of Judges"), affirmed the claims administrator's decision on May 11, 2018. This appeal arises from the Board of Review's Final Order dated October 25, 2018, in which the Board of Review affirmed the Order of the Office of Judges. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. McClung completed an application for benefits dated March 11, 2017, reporting that he injured his low back when he took a step while carrying a spacer while at work. The physician's section of the application was completed by the staff at Jackson General Hospital when he was diagnosed with a lumbar strain. The claims administrator held the claim compensable for lumbar strain on April 12, 2017. An MRI dated March 23, 2017, revealed a diffuse annular disc bulge with moderate facet osteoarthritis at L3-L4, L4-L5 and L5-S1. Mild bilateral neural narrowing was seen at the same levels. Mr. McClung also had mild to moderate degenerative changes at the sacroiliac

1

joint. He continued to seek treatment and physical therapy at Boone Memorial Hospital, where he was discharged from physical therapy on April 25, 2017, for a lack of improvement. He was referred for a neurological consultation.

On April 27, 2017, Mr. McClung treated with Richard Knapp, M.D., for his continued low back pain. Mr. McClung reported that his symptoms had increased since the time of his injury and that he was having difficulty sitting and standing for long periods of time due to pain. Dr. Knapp also noted that he completed four weeks of physical therapy without any improvement. Mr. McClung was diagnosed with lumbar strain, and he was prescribed the medication Norco. Dr. Knapp thought that he would benefit from a neurological consultation and assessment. On April 27, 2017, Dr. Knapp formally requested authorization for Mr. McClung to be referred to a neurosurgeon and prescribed Norco.

The claims administrator referred Mr. McClung to Prasadarao B. Mukkamala, M.D., for an independent medical evaluation. In his report dated May 23, 2017, Dr. Mukkamala stated that he reviewed past treatment notes and performed a physical examination. According to Dr. Mukkamala, a straight leg test from the sitting position caused no pain to 90 degrees. However, a straight leg raising test in the supine position did not cause pain through 70 degrees. Dr. Mukkamala found Mr. McClung's neurological evaluation to be unremarkable. Lumbar strain was diagnosed. Dr. Mukkamala found him to be at maximum medical improvement with no further treatment needed. Dr. Mukkamala advised that Mr. McClung continue his home exercise program. Using the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993), Dr. Mukkamala opined that Mr. McClung had 5% whole person impairment for reduced lumbar range of motion from his compensable injury. The claims administrator suspended Mr. McClung's temporary total disability benefits on May 30, 2017.

Mr. McClung returned to Dr. Knapp on May 30, 2017, for a follow-up evaluation. In his office notes, Dr. Knapp noted that he saw "minimal improvement in his lower back pain despite four weeks of physical therapy." Mr. McClung reported greater low back pain on his left side with intermittent radiating pain to his bilateral lower extremities. Dr. Knapp found reduced lumbar range of motion during the examination and prescribed Norco, Neurontin, and a TENS unit. Dr. Knapp also requested authorization for a referral to a neurologist and authorization for the medications he prescribed.

Additional office notes from Dr. Knapp on June 13, 2017, and June 27, 2017, indicate that Mr. McClung continued to treat with Dr. Knapp for the same symptoms of lumbar pain and lower extremity burning. Dr. Knapp noted that Dr. Mukkamala found Mr. McClung to be at his maximum degree of medical improvement. However, Dr. Knapp wrote that "[f]urther evaluation by neurologist could prove beneficial as to the etiology of the radiculopathy."

The claims administrator closed Mr. McClung's claim for temporary total disability benefits on June 28, 2017. On July 25, 2017, the request for authorization for a referral to a neurologist/neurosurgeon was denied. The claims administrator based both decisions on Dr. Mukkamala's May 23, 2017, report. Mr. McClung protested the decisions of the claims administrator.

In support of his protest, Mr. McClung submitted a transcript of his deposition taken on October 5, 2017. He testified that he had not returned to work and had not been released to return to work by Dr. Knapp. He also testified that he paid to see a neurosurgeon with Neurological Associates at Charleston Area Medical Center. He reported that he was told by the neurologist that he did not need surgery, and he was referred to a pain clinic for therapy. Mr. McClung testified that he was still treating with Dr. Knapp, who was his primary treating physician with regards to his low back injury.

The claim was submitted for decision before the Office of Judges. On May 11, 2018, the Office of Judges affirmed the claims administrator's Order of June 28, 2017. The Office of Judges determined that there is no medical evidence on record rebutting Dr. Mukkamala's determination that Mr. McClung had reached his maximum medical improvement. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on October 25, 2018.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. Mr. McClung has failed to submit sufficient evidence to establish that he has not met his maximum degree of medical improvement. Although he submitted several reports from his treating physician, Dr. Knapp did not establish continued temporary disability following the closing of the claim for benefits on June 28, 2017.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: November 1, 2019**

**CONCURRED IN BY:**
Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison

**DISSENTING:**
Justice Margaret L. Workman